UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON SHACKELFORD,

                    Plaintiff,

         v.

WEST COAST FREIGHTLINE, LLC,
HARBAN SINGH, and JANE DOE
SINGH,

                    Defendants.

CASE NO. C20-5492 BHS

ORDER DENYING PLAINTIFF'S
MOTION TO STRIKE

This matter comes before the Court on Plaintiff Jason Shackelford's

("Shackelford") motion to strike affirmative defenses. Dkt. 14. The Court has considered

the pleadings filed in support of and in opposition to the motion and the remainder of the

file and hereby denies the motion for the reasons stated herein.

## I.   PROCEDURAL HISTORY

Shackelford originally filed his complaint in Pierce County Superior Court against

West Coast Freightline, LLC, Harban Singh, and Jane Doe Singh ("Defendants") on May

1, 2020. Dkt. 1-1. On May 27, 2020, Defendants removed the case to federal court. Dkt.

1. On July 8, 2020, Defendants filed an Answer asserting ten affirmative defenses. Dkt 13.

On July 29, 2020, Shackelford filed the instant motion requesting that the Court strike six of the affirmative defenses. Dkt. 14. On August 10, 2020, Defendants responded. Dkt. 15. On August 13, 2020, Shackelford replied. Dkt. 16.

## II.   DISCUSSION

The Federal Rules of Civil Procedure allow a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fogerty*, 984 F.2d at 1527. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See id*.

While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits. *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Accordingly, once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted "unless it appears to a

certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (citing *Durham Indus., Inc. v. North River Insur. Co.*, 482 F. Supp. 910, 913 (S.D.N.Y. 1979)).

Here, Shackelford argues that a defendant must plead an affirmative defense with enough factual specificity to give the plaintiff "fair notice" of the defense, citing to Fifth Circuit case law. *See* Dkt. 14 at 2 (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). However, the Ninth Circuit does not require such a detailed statement of facts; rather, "[f]air notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013) (internal citation omitted). Indeed, an affirmative defense is legally insufficient only if it lacks merit "under any set of facts the defendant *might* allege." *McArdle v. AT&T Mobility LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009), *rev'd on other grounds*, 474 Fed. Appx. 515 (2012) (emphasis added).

The key, therefore, to determining the sufficiency of pleading for an affirmative defense is whether it gives the plaintiff fair notice of the defense. *Wyshak*, 607 F.2d at 86. Shackelford characterizes Defendants' challenged affirmative defenses as "conclusory allegations" and "boilerplate." Dkt. 14 at 3, 5–8. While the Court notes that a mere list of affirmative defenses may not be sufficient to provide notice to all plaintiffs in every case and that each pleading is subject to individual review, the Court is unable to conclude that, given a standard enumeration of common defenses against facts familiar to Shackelford, Shackelford does not have fair notice of the general nature of the defenses.

*See, e.g.*, *Bushbeck v. Chicago Title Ins. Co.*, No. C08–0755JLR, 2010 WL 11442904, at

*4 (W.D. Wash. Aug. 26, 2010) (finding under a notice pleading standard, defendant

need only state "estoppel" without further factual support to survive motion to strike).

The Court therefore denies Shackelford's request to strike the six defenses.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Shackelford's motion to strike, Dkt. 14, is

**DENIED**.

Dated this 2nd day of October, 2020.

BENJAMIN H. SETTLE
United States District Judge