UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON SHACKELFORD, as personal representative of the estate of KATI JO SHACKELFORD and on behalf of KATI JO SHACKELFORD'S statutory beneficiaries<br><br>        Plaintiff,<br><br>   v.<br><br>WEST COAST FREIGHTLINE, LLC, et al.<br><br>        Defendants. | CASE NO. C20-5492 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE AND RESERVING RULING ON PLAINTIFF'S MOTION TO EXCLUDE |

This matter comes before the Court on Plaintiff's motion for sanctions due to spoliation of evidence, Dkt. 31, and Plaintiff's motion to exclude, Dkt. 33. The Court has considered the briefings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

On August 30, 2017, at approximately 2:30 a.m., Kati Jo Shackelford was killed after colliding with Defendant Harbans Singh's semi-truck. Dkt. 1-1, ¶¶ 60–63. Singh

ORDER - 1

was parked in a gore point on the side of the State Route 512 highway, which Plaintiff alleges was negligently parked. *Id.*, ¶ 52. Plaintiff, Ms. Shackelford's brother and personal representative of her estate, brings negligence claims against Singh and his employer, Defendant West Coast Freightline ("WCF"), and requests punitive damages under California state law. *See id.* at 10–22.

On July 15, 2021, Plaintiff filed a motion for sanctions due to spoliation, Dkt. 31, and a motion to exclude, Dkt. 33. Plaintiff argues that WCF improperly destroyed Singh's driver record of duty status and requests that the Court impose adverse jury instructions and a presumption that the destroyed evidence was harmful to Defendants. *See* Dkt. 31 at 1–3. Plaintiffs additionally move to exclude any evidence pertaining to Ms. Shackelford's toxicology report and any evidence related to her alleged intoxication pursuant to Federal Rule of Evidence 403. *See* Dkt. 33 at 1–3. On July 26, 2021, Defendants responded to the motion for sanctions, Dkt. 38, and to the motion to exclude, Dkt. 35, opposing both motions. On July 30, 2021, Plaintiff replied. Dkts. 40, 42.

## II.   DISCUSSION

### A.   Motion for Sanctions due to Spoliation

Federal regulations require that all motor carrier drivers record the driver's duty status for each 24-hour period. 49 C.F.R. § 395.8. Drivers are required to keep their records of duty status current to the time shown for the last change of duty status. *Id.* at (f)(1). A driver's status may be off duty, sleeper berth, driving, or on-duty not driving. *Id.* at (b).

1    Plaintiff asserts that Defendants destroyed Singh's record of duty status for August
2 28, 2017 and August 29, 2017. Dkt. 31 at 5. WCF's 30(b)(6) designee, CEO Paul Suner,
3 testified during his deposition that Defendants destroyed Singh's record of duty status
4 logbook six months after the August 30 accident. Dkt. 32, Ex. 4, at 83:15–23. Plaintiff, in
5 turn, subpoenaed the Washington State Patrol ("WSP"), who produced photographs taken
6 at the accident scene and copies of Singh's daily logs for August 25 through 29, 2017.
7 *See* Dkt. 38 at 3; Dkt. 39, Ex. B.

8    Plaintiff additionally asserts that Singh failed to start a log for August 30, 2017,
9 the day of the accident. Dkt. 42 at 2. Defendants admit that Singh did not stop at midnight
10 on August 29, 2017 to complete the logbook for that day and start the logbook for August
11 30, 2017. Dkt. 38 at 4. They assert that Singh drove continuously from 10:00 p.m. on
12 August 29 until around 2:30 a.m. on August 30, when the accident occurred. *Id.* Plaintiff
13 moves for sanctions due to the asserted spoliation of evidence and asks the Court to
14 impose adverse jury instructions and a presumption that the destroyed evidence was
15 harmful to Defendants. Dkt. 31 at 12.

16    Spoliation of evidence is the "destruction or significant alteration of evidence, or
17 the failure to preserve property for another's use as evidence, in pending or future
18 litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009)
19 (quotation omitted). "A district court's adverse inference sanction should be carefully
20 fashioned to deny the wrongdoer the fruits of its misconduct yet not interfere with that
21 party's right to produce other relevant evidence." *In re Oracle Corp. Securities Litig.*,
22 627 F.3d 376, 386–87 (9th Cir. 2010).

1    First, in regard to Plaintiff's spoliation arguments about Singh's August 28 and
2  August 29 logbooks, the Court disagrees that an adverse instruction is necessary here.
3  Defendants may have been wrongful in destroying the logbooks six months after the
4  accident, and the logs should have likely been retained because of the foreseeability of
5  litigation. However, the records sought have been produced through a reliable third
6  party—WSP. Plaintiff has not been prejudiced by Defendants' actions.
7    Second, the Court disagrees that Defendants engaged in spoliation through Singh's
8  failure to start a log on August 30. Spoliation is the destruction or alteration of evidence
9  or the failure to preserve evidence—Defendants could not have destroyed, altered, or
10 failed to preserve evidence that never existed. Singh's failure to create or finalize his logs
11 for the complained of dates may be in violation of federal regulations as Plaintiff argues,
12 but his actions (or lack thereof) do not amount to spoliation of evidence.
13   Plaintiff argues that a log for August 30, 2017 must have existed because Singh
14 began driving again following the accident. He asserts that "it is therefore reasonable to
15 conclude that his record of duty status logs were produced to Defendants given that
16 [Singh] was required by WSP to produce a completed record of duty status logs for the
17 week of the collision in order to be reinstated." Dkt. 42 at 6. This argument is speculative,
18 and Defendants have averred that no record for August 30 ever existed.
19   Plaintiff has the logbooks for the complained of dates which exist. Plaintiff's
20 motion for sanctions, Dkt. 31, is therefore DENIED.
21
22

**B.     Motion to Exclude**

Plaintiff additionally moves to exclude any evidence pertaining to Ms. Shackelford's toxicology report and any evidence related to her alleged intoxication pursuant to Federal Rule of Evidence 403. Dkt. 33.

Plaintiff argues that that Ms. Shackelford's toxicology report is unreliable for two reasons. First, he argues that the toxicology report is unreliable because the WSP forensic scientist, David Nguyen, who conducted the toxicology report had a history of performance errors. *Id.* at 3–8. Second, Plaintiff argues that the methods by which WSP tested Ms. Shackelford's samples are unreliable. *Id.* at 9–10. He asserts that the evidence he wishes to exclude is inflammatory, that the evidence's prejudice outweighs its probative value, and that any evidence related to Ms. Shackelford's intoxication should be excluded under Rule 403. *Id.* at 10–11.

Plaintiff's chemist and forensics expert, Suzanne C. Perry, states that the results of Ms. Shackelford's samples are unreliable on scientific grounds. *See* Dkt. 34, Ex. 6. Ms. Perry asserts that the degradation of the blood due to the separation in time between collection and testing and the poor handling of the sample renders the toxicology report unreliable. *See, e.g.*, *id.* at 55. In response, Defendants argue that the blood sampling and WSP's toxicology test report is reliable. Dkt. 35 at 2–7. Dr. Frank Vincenzi, Ph.D., rebuts Ms. Perry's findings and opines that the methods performed by Nguyen and WSP are reliable. *See* Dkt. 37.

While Plaintiff moves to exclude the toxicology evidence pursuant to Rule 403, the question of methodology reliability is best viewed through Federal Rule of Evidence

702. The ultimate question that Plaintiff poses is whether the methods by which WSP tested Ms. Shackelford's blood are reliable, and testimony by an expert witness, i.e., Ms. Perry and Dr. Vincenzi, is admissible under 702 if the testimony is the product of reliable principles and methods. Fed. R. Evid. 702(c).

Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). To perform this "gatekeeping role," the district court engages in a two-step inquiry: first, the court must determine whether the proffered evidence is reliable, i.e., whether the expert's testimony reflects "scientific knowledge," the findings are "derived by the scientific method," and the work product amounts to "good science." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (quoting *Daubert*, 509 U.S. at 590, 593). Second, the court must determine whether the testimony is relevant, i.e., "that it logically advances a material aspect of the proposing party's case." *Id*. The proponent of expert testimony bears the burden of establishing admissibility by a preponderance of the evidence. *Daubert*, 509 U.S. at 592 n.10 (citing *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987)).

Therefore, before the Court can rule on the admissibility or exclusion of the toxicology report, it must first determine whether the methods by which WSP tested the samples are reliable through conducting a *Daubert* hearing. The Court reserves ruling on Plaintiff's motion to exclude, Dkt. 33, pending the hearing.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for sanctions, Dkt. 31, is **DENIED**.

It is hereby further **ORDERED** that the Court **RESERVES RULING** Plaintiff's motion to exclude, Dkt. 33, pending the *Daubert* hearing. The hearing shall be set on **September 21, 2021 at 11:00 a.m.** via Zoom. The parties shall have an hour and a half to conduct direct examination, cross examination, and rebuttal of each expert. The Clerk shall renote Plaintiff's motion to exclude, Dkt. 33, on the Court's September 21, 2021 calendar.

Dated this 31st day of August, 2021.

BENJAMIN H. SETTLE
United States District Judge